FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 23 2018

JAMES W. McCORMACK, CLERK
.By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JACQUELINE ESRY, Individually and on                              PLAINTIFF
Behalf of All Others Similarly Situated

vs.                          No. 4:18-cv-157-KGB

BJ'S RESTAURANTS, INC., and BJ'S             This case assigned to District Judge Baker
RESTAURANT OPERATIONS COMPANY,               and to Magistrate Judge Kearney
each d/b/a BJ'S RESTAURANT & BREWHOUSE                           DEFENDANTS

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Jacqueline Esry ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Allison Koile, Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Class and Collective Action against Defendants BJ's Restaurant, Inc., and BJ's Restaurant Operations Company, each d/b/a BJ's Restaurant & Brewhouse (collectively "Defendants"), she does hereby state and allege as follows:

#### I.    INTRODUCTION

1.    This is a class and collective action for wages owed. Defendants own and/or operate BJ's Restaurant & Brewhouse in Pulaski County, located at 2624 South Shackleford Road, Little Rock, Arkansas 72205 ("BJ's").

2.    Plaintiff and other servers spent more than 20% of their time performing non-tipped duties for Defendants such as opening and closing the restaurant, rolling silverware, performing side work, and other non-tipped duties. Because Plaintiff and

other servers spent more than 20% of their time performing non-tipped duties for Defendants, Defendants were required to pay Plaintiff and their other servers at least $7.25 per hour for their non-tipped work.

3. Plaintiff, individually and on behalf of all other servers employed by Defendants, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff and all others similarly situated minimum wages as required by the FLSA and AMWA.

4. Defendants' policies violate the FLSA because Plaintiff and others similarly situated are not compensated at a minimum of $7.25 per hour.

5. Defendant's policies violate the AMWA because Plaintiff and others similarly situated are not compensated at a minimum of $8.50 per hour.

6. Plaintiff and all those similarly situated seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendants' failure to pay minimum wages under the FLSA and the AMWA.

7. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

8. The United States District Court for the Eastern District of Arkansas has

subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

9. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

10. The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a citizen and resident of Pulaski County.

13. Plaintiff worked for Defendants at times during the three years preceding the filing of this Complaint.

14. At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15. Defendant BJ's Restaurants, Inc., is a foreign for-profit corporation that owns and operates restaurants in the United States under the "BJ's Restaurant & Brewhouse" and "BJ's Restaurant & Brewery" trademarks.

16. Defendant BJ's Restaurant, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the

retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17. During each of the three years preceding the filing of this Complaint, Defendant BJ's Restaurant, Inc., employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

18. Defendant BJ's Restaurant, Inc.'s registered agent for service of process is National Registered Agents, Inc., 100 Canal Pointe Boulevard, Suite 212, Princeton, New Jersey 08540.

19. Defendant BJ's Restaurant Operations Company, is a foreign for-profit corporation that owns and operates a restaurant in Pulaski County under the "BJ's Restaurant & Brewhouse" trademark.

20. Defendant BJ's Restaurant Operations Company's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

21. During each of the three years preceding the filing of this Complaint, Defendant BJ's Restaurant Operations Company employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

22. Defendant BJ's Restaurant Operations Company's registered agent for

service of process is National Registered Agents, Inc. of AR, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

23. Defendant BJ's Restaurants, Inc. is the parent company of Defendant BJ's Restaurant Operations Company; together Defendants did business in Arkansas as BJ's Restaurant & Brewhouse.

24. Defendants, together d/b/a BJ's Restaurant & Brewhouse, acted jointly as the employer of Plaintiff and the proposed collective and class and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

25. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

26. As a result of this unified operation control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

27. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

## IV. FACTUAL ALLEGATIONS

28. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

29. Plaintiff was employed by Defendants as a server at BJ's during the time

period relevant to this lawsuit.

30. Plaintiff and other servers work(ed) as hourly, non-exempt employees at BJ's.

31. Defendants pay their servers less than the minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendants purport to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

32. Defendants do not inform their employees of the provisions of 29 U.S.C. § 203(m).

33. As servers, Plaintiff and other servers performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as opening the restaurant and rolling silveware ("non-tipped work").

34. Plaintiff and other servers were required to work at $2.63 per hour when the dining room was closed, when they were doing side work not in the dining room, and also when they were doing cut work.

35. Upon information and belief, Defendants do not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work.

36. Non-tipped duties occupy more than twenty percent of Plaintiff's time and the time of other servers.

37. Defendants paid Plaintiff and other servers the same rate—below the applicable minimum wages—for both tipped work and non-tipped work.

38. As a result of the policies put in place by Defendants, Plaintiff and other tipped servers were often required to perform non-tipped work for less than minimum

wage.

39. Plaintiff and other tipped servers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

40. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other tipped servers violated the FLSA and AMWA.

### IV. REPRESENTATIVE ACTION ALLEGATIONS

#### A. FLSA § 216(b) Collective

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

42. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

43. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Plaintiff brings her FLSA claims on behalf of all servers who were paid tips employed by Defendants at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. A lawful minimum wage for all hours worked; and

   B. Liquidated damages and attorneys' fees and costs.

45. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" her written Consent to Join this lawsuit.

46. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

47. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were subject to Defendants' common policy of paying less than minimum wage;

B. They spent more than 20% of their time performing non-tipped duties for Defendants; and

C. They were paid hourly.

48. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 200 persons.

49. In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

50. Defendants can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

51. At all relevant times, Defendants directly hired members of the Collective Action Class to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

52. At all relevant times, each member of the Collective Action Class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

### B. AMWA Rule 23 Class

53. Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54. Plaintiff proposes to represent the class of tipped servers who are/were employed by Defendants within the relevant time period within Arkansas.

55. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that over 100 class members have worked for Defendants without appropriate pay, as described herein, throughout the applicable statutory period within the State of Arkansas.

56. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

(a) Whether Plaintiff and others similarly situated were required to perform non-tipped duties for more than 20% of their time while employed by Defendants;

(b) Whether Defendants informed Plaintiff and others similarly situated about the requirements of 29 U.S.C. § 203(m);

(c) Whether Defendants satisfied their obligation to pay Plaintiff and others

similarly situated the minimum wage required by the FLSA and the AMWA;

(d) The correct method of calculating back pay;

(e) Whether Plaintiff and others similarly situated are entitled to compensatory and liquidated damages, and if so, the means of measuring such damages;

(f) Whether Defendants are liable for pre-judgment interest; and

(g) Whether Defendants are liable for attorney's fees and costs.

57. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, in that Plaintiff and others similarly situated were denied their wages as a result of Defendants' uniform policy of requiring Plaintiff and those similarly situated to spend more than 20% of their time on non-tipped duties. These are the predominant issues that pertain to the claims of Plaintiff and of others similarly situated.

58. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

59. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

(a) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the class in litigating the common issues on a class-wide, instead of on a repetitive individual, basis;

(b)     Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

(c)     No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

60.     Plaintiff is not aware of any member of the proposed class who has an interest in individually controlling the prosecution of separate actions, nor is Plaintiff aware of any other litigation concerning this particular controversy.

61.     Class certification is further appropriate under AMWA because Defendants have acted and continue to act on grounds generally applicable to the members of the class and all the requirements under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure are met.

62.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents AMWA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

63.     The questions of law and fact common to Plaintiff and members of the putative class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

64.     Defendants have engaged in continuing violations of the AMWA and the

FLSA.

65.  Plaintiff and the putative Class have suffered, and will continue to suffer, irreparable damage from Defendants' illegal policy, practice, and custom regarding pay for tipped servers.

## V.  FIRST CLAIM FOR RELIEF

### (Collective Action Claim for Violation of the FLSA)

66.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

67.  This is a collective action filed on behalf of all tipped servers employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid wages because they were required to spend more than 20% of their time on non-tipped duties.

68.  Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

69.  At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

70.  At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

71.  Defendants failed to pay Plaintiff and all similarly situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

72.  Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as

follows:

**All servers who were tipped employees for Defendants
at any time within the past three years.**

73. At all relevant times, Defendants willfully failed and refused to compensate Plaintiff and other similarly situated employees for all hours worked at the standard minimum wage under the FLSA because Defendants paid Plaintiff and other similarly situated employees $2.63 per hour for non-tipped work.

74. Defendants' violations entitle Plaintiff and all other similarly situated employees to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

75. Defendants' violations entitle Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

76. Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VI.   SECOND CLAIM FOR RELIEF

### (Class Action Claim for Violations of AMWA)

77. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

78. Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

79. At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the AMWA.

80. At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

81. At all relevant times, Defendants were an "employer" of Plaintiff and all other similarly situated employees, as defined by Ark. Code Ann. § 11-4-203(4).

82. Defendants failed to pay Plaintiff and other similarly situated employees the minimum wages required under the AMWA for tipped work and for non-tipped work.

83. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All servers who were tipped employees for Defendants
in Arkansas within the past three years.**

84. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

85. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations that occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

86. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

87. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the class members as provided by the AMWA, they are

entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the FLSA)

88.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

89.   At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

90.   At all relevant times, Plaintiff has been an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

91.   At all relevant time, Defendants were an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

92.   Defendants failed to pay Plaintiff the minimum wages required under the FLSA for tipped work and for non-tipped work.

93.   At all relevant times, Defendants willfully failed and refused to compensate Plaintiff for all hours worked at the standard minimum wage under the FLSA because Defendants paid Plaintiff $2.63 per hour for non-tipped work.

94.   Defendants' violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

95.   Defendants' violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

96.   Plaintiff is entitled to an award of her attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII. FOURTH CLAIM FOR RELIEF

### (Individual Claim for Violation of AMWA)

97. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

98. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

99. At all relevant times, Plaintiff has been an "employee" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

100. At all relevant times, Defendants were an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

101. Defendants failed to pay Plaintiff the minimum wages required under the AMWA for tipped work and for non-tipped work.

102. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

103. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

104. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code

Ann. § 11-4-218.

105.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, she is entitled to an award of prejudgment interest at the applicable legal rate.

### IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jacqueline Esry, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

a)   That each Defendant be summoned to appear and answer herein;

b)   That Defendants be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

c)   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

d)   A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

e)   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

f)   Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff and members of the class and collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor

Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

g) Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff and members of the class and collective from a period of three (3) years prior to this lawsuit through the date of trial under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

h) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff and members of the class and collective;

i) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations

j) An order directing Defendants to pay Plaintiff and members of the collective and class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

k) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JACQUELINE ESRY, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: _____
Allison Koile
Ark Bar No. 2011154
allison@sanfordlawfirm.com

_____
Chris Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JACQUELINE ESRY,**                                                **PLAINTIFF**
**Individually and on Behalf of all Others**
**Similarly Situated**

vs.                              No. 4:18-cv-_____

**BJ'S RESTAURANTS, INC., and BJ'S**
**RESTAURANT OPERATIONS COMPANY,**
**d/b/a BJ'S RESTAURANT & BREWHOUSE**                  **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

    I was employed as server for Defendants BJ's Restaurants, Inc., and BJ's Restaurant Operations Company, d/b/a BJ's Restaurant & Brewhouse ("Defendants"), within the three years preceding the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid minimum wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

    I declare under penalty of perjury that the foregoing is true and correct.

_Jacquelyn Esry_ (signature)
**JACQUELYN ESRY**

Date: 02/23/2018

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
josh@sanfordlawfirm.com


EXHIBIT A